UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Dennis N Nesbitt, Damika D Nesbitt<br>　　　　　　　　　　Debtors | |
| Nissan Motor Acceptance Corporation<br>　　　　　　　　　　Movant<br>　　　　v.<br>Dennis N Nesbitt, Damika D Nesbitt<br>　　　　　　　　　　Respondent<br>　　　　and<br>Scott F. Waterman<br>　　　　　　　　　　Additional Respondent | BK NO. 19-11014-amc<br><br>CHAPTER 13 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages included in the Motion for Relief from Automatic Stay have been cured.

2. Debtors shall remain current with their post-petition monthly payment under the Agreement in the amount of $740.89 going forward, with further monthly payments to be made on or before the 17th each month.

3. Payments are to be made and sent to:

    Nissan Motor Acceptance Corporation
    PO Box 660366
    Dallas, TX 75266-0366

4. Should Debtor provide sufficient proof of payment(s) made, including but not limited to the front and back of checks submitted, that have not been credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of the Stipulation, the automatic stay is unconditionally lifted as it affects the interest of Movant upon the filing of a Certification of Default by Movant without further hearing or without entry of additional order.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to a Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an Order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void and no longer binding upon the parties.

9. The provisions of this Stipulation do not constitute a waiver by the Movant of right to seek reimbursement of any amounts not included in the stipulation, including fees and costs due under the terms of the Agreement and applicable law.

10. The parties agree that facsimile signature shall be considered an original signature.

Date: February 8, 2021

/s/ *Robert P Wendt*, Esquire
By: Robert P Wendt, Esquire
Attorney for Movant

/s/ *Brad J Sadek*, Esquire
Brad J Sadek, Esquire
Attorney for Debtors

/s/ *Scott F. Waterman*, Esquire
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M Chan